**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. DKC-20-CR-0038-003** |
| **v.** | * | |
| | * | |
| | * | |
| **ERIC TYRELL JOHNSON** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | ************ | |

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter is before the Court on the defendant's Motion for Review of Detention Order (the "Motion") (ECF No. 128), the defendant's Supplemental Briefing (the "Supplement") (ECF No. 140), and the government's Response in Opposition to Motion for Review of Detention Order (the "Opposition") (ECF No. 144). The issues have been fully briefed, and no hearing is necessary. L.R. 105.6, 207. For the reasons stated below, the Motion is **DENIED.**

I.  PROCEDURAL HISTORY

The defendant is charged in this case with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Controlled Substances, in violation of 18 U.S.C. § 841(a)(1); and Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).  On March 19, 2020, the defendant appeared before this Court for a detention hearing.

II.  BAIL REFORM ACT

Pretrial detention and release are governed by the Bail Reform Act (the "BRA").  18 U.S.C. §§ 3141 *et seq.*  The government is permitted to seek pretrial detention of the defendant

in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*) and with an offense involving the possession of a firearm.  *Id.* § 3142(f)(1)(C) & (E).  In fact, a rebuttable presumption of detention applies in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  *Id.* § 3142(e)(3)(A).  Where the presumption can be rebutted, the BRA requires the Court to order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  *Id.* § 3142(c)(1)(B).  If, however, the Court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial."  *Id.* § 3142(e)(1).  "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."  *Id.* § 3142(f).  On the other hand, where risk of flight is the basis of a detention order, the government must prove by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's presence at future court proceedings.  *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

The Court's determination is governed by four factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

2

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.  REOPENING THE DETENTION HEARING

After hearing from the parties at the detention hearing, the Court reviewed the factors set forth in 18 U.S.C. § 3142(g) and found that the defendant had not introduced sufficient evidence to rebut the presumption of detention.  Therefore, the Court ordered that the defendant be detained.  *See* Order of Detention (ECF No. 77).  The defendant is presently detained in the D.C. Department of Corrections (the "DOC") at the Central Treatment Facility ("CTF").[1]  The defendant now moves to reopen the detention hearing.  Indeed, under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

---

[1] Many pretrial detainees from the District of Maryland are detained in CTF and the D.C. Jail, both part of the DOC.

The defendant argues that the detention hearing should be reopened because information exists that was not known to him at the time of the detention hearing, and that this information has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community. Specifically, the defendant asserts that "the more rapid spread of COVID-19 throughout the D.C. Jail raises new risk which must be considered and balanced against Mr. Johnson's presumed danger to the community."  Motion (ECF No. 128 at 2).  Notably, unlike many other detainees who have recently filed motions for release in this Court, the defendant does not claim that, because of a particular physical or mental condition, or advanced age, he is at an increased risk of contracting the virus or suffering severe complications if he does.  *See, e.g.*, *United States v. Wheeler*, Criminal Case No. CCB-19-0455, 2020 WL 2085473 (D. Md. Apr. 30, 2020) (asthma, COVID-19, diabetes); *United States v. Lee*, No. ELH-19-159, 2020 WL 1974881 (D. Md. Apr. 24, 2020) (high blood pressure, obesity, depression*)*; *United States v. Green*, Criminal Case No. CCB-19-0539-1, 2020 WL 1873967 (D. Md. Apr. 15, 2020) (asthma, high blood pressure, chronic obstructive pulmonary disease); *United States v*. *Williams*, Criminal Case No. PWG-13-544, 2020 WL 1434130 (D. Md. Mar. 24, 2020) (advanced age); *United States v. Bilbrough,* Criminal Case No. TDC-20-0033 (D. Md. Mar. 20, 2020) (diabetes), *aff'd*, 452 F. Supp. 3d 264 (D. Md. Apr. 7, 2020); *United States v. Martin*, 447 F. Supp. 3d 399 (D. Md. 2020) (diabetes, high blood pressure, asthma).  Rather, the defendant relies primarily upon a generalized risk of exposure and contraction of COVID-19 as a basis for release.  He also asserts that the availability of a suitable third-party custodian, the need to reduce the inmate population at the Jail to protect the health of the detainees, and the fact that he has been detained for more than one year with little progress in his case weigh in favor of release.

COVID-19 is a worldwide pandemic that has had a profound impact on the health and daily life of millions of people.  According to the Centers for Disease Control and Prevention (the "CDC"), as of December 7, 2020, there were 14,636,914 COVID-19-positive cases in the United States and 281,253 deaths related to the virus.[2]  COVID-19 poses special risks for the elderly and those with certain preexisting medical conditions.  Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19.  *See Coreas v. Bounds*, 451 F. Supp. 3d 407, 413-14 (D. Md. 2020).

At the outset, the Court finds that the unprecedented magnitude of the COVID-19 pandemic and the heightened risk of exposure to residents of detention facilities constitute information not known to the defendant at the time of the detention hearing that arguably has a material bearing on whether conditions of release can be fashioned to assure the appearance of the defendant as required and the safety of the community.  *See, e.g.*, *Bilbrough*, Order at 4; *Martin*, 447 F. Supp. 3d at 401.  Therefore, the defendant has established a satisfactory basis to reopen the detention hearing.

Considering that the defendant's primary basis for reopening the detention hearing concerns new information regarding the impact that COVID-19 may have on his health, the Court finds the following comments by United States District Judge Stephanie A. Gallagher in a recent case particularly instructive:

> Congress carefully prescribed the factors that a court should consider in weighing whether a particular defendant should be detained or released before trial.  *See generally* 18 U.S.C. § 3142(g).  None of those factors refers specifically to the health of the defendant, or to whether the conditions of incarceration threaten the defendant's well-being.  Instead, Congress focused the required inquiry on the defendant's risk of nonappearance, and the danger that the defendant's release would pose to other

---

[2] *CDC COVID Data Tracker*, Ctrs. for Disease Control & Prevention (December 7, 2020), https://www.cdc.gov/covid-data-tracker/.

individuals.  In some circumstances, clearly, a particular defendant's medical condition
could reduce that defendant's risk of flight or danger to the community, and the health
condition would therefore fall within the factors appropriately considered in the context
of § 3142(g).  Absent those circumstances, however, a particular defendant's health
conditions, and the possible risks posed to the defendant by incarceration, do not affect
the § 3142(f) and (g) analysis.  *See, e.g.*, *United States v. Clark*, 2020 WL 1446895, at *3
(D. Kan. Mar. 25, 2020) ("A defendant's concerns that he or she would face heightened
COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis,
which focuses on whether the court can fashion conditions of release that will reasonably
assure the defendant is not a risk of nonappearance or a risk of harm to any others or the
community.  The risk of harm *to the defendant* does not usually bear on this analysis.");
*United States v. Lawton*, Crim. No. CR419-102, 2020 WL 1984897, at *1 (S.D. Ga. April
27, 2020) (same); *United States v. Whyte*, Crim. No. 3:19-cr-64-1 (VLB), 2020 WL
1911187, at *4 (D. Conn. April 8, 2020) (analyzing medical conditions under § 3142(i));
*United States v. Aguirre-Maldonado*, Crim. No. 20-cr-53 (NEB/TNL), 2020 WL
1809180, at *1 (D. Minn. April 9, 2020) ("While the Court appreciates the unprecedented
nature of the COVID-19 pandemic, Defendant has offered no reason why the pandemic
would reduce his risk of nonappearance or the risk that he poses to the community.");
*United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049 (D.D.C. March 30, 2020)
("[T]he relevant statutory inquiry [under § 3142(g)] is *not* the benefits that a defendant's
release would bring about (however significant) or the harms that his incarceration would
cause (however substantial).  Rather, the statute requires the Court to evaluate "*the
danger*" that "would be posed *by the person's release*."") (emphasis in original).

*United States v. Gallagher*, Criminal No. SAG-19-0479, 2020 WL 2614819, at *3 (D. Md. May

22, 2020) (alteration in original).  Thus, the Court now engages in a *de novo* review of the factors

set forth in 18 U.S.C. § 3142(g), including the new information, to determine if there are

conditions of release that could be fashioned to assure the defendant's appearance as required

and the safety of the community.

Initially, the Court recognizes again that a statutory rebuttable presumption of detention

applies in this case.  18 U.S.C. § 3142(e)(3)(A).  Regarding the nature and circumstances of the

offenses charged, the defendant is charged with offenses involving controlled substances and

firearms.

Regarding the weight of the evidence against the defendant, the Court finds that it is

strong.  At the detention hearing on March 19, 2020, the government proffered the following

information.  The defendant was an active participant in a heroin and fentanyl distribution conspiracy in the Hagerstown, Maryland area.  The defendant was identified as a mid-level supplier of the drugs.  The government's evidence includes surveillance, GPS tracking information, wiretaps and controlled buys.  Significantly, on August 19, 2019, a search warrant was executed at the defendant's residence.  Among the items seized were 137 grams of a mixture of heroin and fentanyl, a loaded Glock magazine, a loaded Glock pistol, three cell phones, over $4000 in cash, baggies and scales.  A search of the cell phones yielded incriminating text messages.

Regarding the history and characteristics of the defendant, the Court again has reviewed the Pretrial Services report that summarizes the defendant's residential history and family ties, his employment history and financial resources, his health, and his criminal history.  The Court notes that the defendant has strong ties to the community, has been employed in the past, and does not suffer from any significant physical or mental health issues.  The Court also notes that the proposed third-party custodian appeared to be suitable.  The defendant's criminal history reflects two convictions for felony CDS offenses in 2003.  He was also convicted of felony CDS offenses in 2005 and 2011.  He was found in violation of probation in one of the 2003 cases and in the 2005 case.  His parole was revoked in both of those cases.  Additionally, in 2005 he was convicted of illegally possessing a handgun.  Significantly, at the time of the present offense, he was on probation for the 2011 felony CDS conviction.

Finally, regarding the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, the Court finds that the defendant would pose a serious danger to the community if released, based on the weight of the evidence against him, his four prior felony CDS convictions, his prior handgun convictions, the prior

findings of violation of probation and revocation of parole, and the fact that he was on probation for a felony CDS conviction at the time of the present case.

The Court has considered the new information offered by the defendant, *i.e.*, the "rapid" spread of COVID-19 throughout the D.C. Jail.  The defendant does not allege that he has any pre-existing physical condition that makes him more susceptible to contract COVID-19 or likely to suffer severe complications if he does.  As such, he stands in the same position as all other healthy detainees at CTF.  As recognized earlier, none of the 18 U.S.C. § 3142(g) factors refers specifically to the health of a defendant, or to whether the conditions of incarceration threaten a defendant's well-being.  Here, the defendant does not suffer from a medical condition that reduces the risk of flight or danger to the community, even considering his potential risk of exposure to COVID-19 due to the recent, significant increase in COVID-19 cases nationwide.  Further, the fact that there is a suitable third-party custodian available is an important factor for the Court to consider.  However, that factor does not sufficiently mitigate the serious danger the defendant poses if released.  Finally, the fact that the progress of this case may have been delayed as a result of the pandemic is not a relevant factor in an analysis under the Bail Reform Act.

In summary, the Court has considered the new information offered by the defendant but continues to find that the defendant has failed to rebut the presumption of detention.

### **ORDER**

Accordingly, it is this 8th day of December 2020, hereby **ORDERED** that the defendant's Motion for Review of Detention Order (ECF No. 128) is **DENIED**.

Date: December 8, 2020                                             _____/s/_____

                                                                                  Thomas M. DiGirolamo
                                                                                  United States Magistrate Judge