IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. DKC-20-0038 |
| ERIC JOHNSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### GOVERNMENT'S RESPONSE IN OPPOSITION TO ERIC JOHNSON'S MOTION TO EXCLUDE WIRETAP CALL TT5-59

Eric Johnson has moved to exclude wiretap call TT5-59, in which he discussed his drug trafficking business with co-conspirator Jeroam Nelson, on the ground that the government did not identify Johnson as a participant in the call until sixteen days before trial. ECF 519. This motion should be denied.

The government turned over all the wiretap calls, including the call at issue, nearly two and a half years ago, on June 25, 2020. As a courtesy, the government also provided the DEA line-sheets, which included draft transcripts and/or synopses of the calls. These line-sheets are created contemporaneously (or nearly contemporaneously) with the calls in question, while the wiretaps are ongoing. As a result, they are often incomplete and contain spelling and grammatical errors.

TT5 was a cell phone belonging to Johnson's co-conspirator, Jeroam Nelson. On June 29, 2019, Nelson received incoming call TT5-59 from Eric Johnson. *See* Exhibit 1 (Transcript, TT5-59). In the call, Johnson and Nelson used veiled language to discuss their unhappiness with the way their co-conspirator Philander Spruill, a/k/a "Buddha," had been handling the drug business.

1

Johnson said he was "scared by the last time, that shit he did, when he fuckin' had that money for you for three days." *Id.* at 2.  Nelson agreed, saying "You really don't deserve to be that close when you do shit like that." *Id.*  Johnson proposed that, going forward, they keep Spruill in the dark about the drugs Johnson was getting from Nelson.  *See id.* at 1 ("I don't wanna get that shit back to Buddha, you heard?").  Johnson implied that he would continue supplying drugs to Spruill, but he did not want to keep Spruill "in the loop like that." *Id.* at 2; *see also id.* ("[I]t's just none of his business, and we gonna continue to do whatever it is we doin', so I just don't want him to know, you know what I'm sayin'?").  The call is highly probative of Johnson's conspiratorial relationships with both Nelson and Spruill.  It is important to the government's case, as it is the only wiretap call in which Johnson has been identified, and it explains why communications between Nelson and Spruill ceased after the call took place.  (Call detail records show that Nelson had many phone contacts with Spruill in the months leading up to the call, but not afterward.)  It also provides insight into why Johnson was not intercepted in other wiretap calls: he speaks in a guarded way in the call, and he indicates that he doesn't want to get into the details until they talk in person. *See id.* at 2 ("I don't wanna get—I'll tell you when I see you.").

The line-sheet for TT5 identified call TT5-59 as pertinent and indicated that it was an incoming call to Jeroam Nelson from (202) 246-8634.  *See* Exhibit 2 (Line-sheet, TT5-59).  Neither the line-sheet nor the synopsis of the call identified Johnson as the user of (202) 246-8634 because investigators did not know he was the user of the phone until much later.  *See* Exhibit 3 (Synopsis, TT5-59).

On December 15, 2020, the government produced a Cellebrite extraction report for Johnson's cell phone, which was recovered during the search warrant at his residence at 10090 Mill Run Circle, Owings Mills, Maryland.  The Cellebrite extraction report indicated that the

2

phone number associated with the phone was (202) 271-6826. *See* Exhibit 4 (Cellebrite Report, Device Information), at 1 (showing "Last used MSISDN" of "2022716826"). However, in preparing for trial, investigators realized that Johnson had switched his SIM card toward the end of June 2019, and the phone had *previously* been associated with a different phone number, (202) 246-8634—the number intercepted on TT5. *See* Exhibit 5 (Cellebrite Report, Selected Messages with Latrice Campbell). Specifically, the Cellebrite report shows that on June 28, 2019, Johnson sent a text message from phone number (202) 246-8634 to his girlfriend, Latrice Campbell, in which he asked her to "change me number." *Id.* at 18. Campbell replied "Ok" and "About to do it now." *Id.* She then told him she "Cut it off and back on." *Id.* at 19. After that, Johnson's number started appearing as (202) 271-6826. *See, e.g., id.* at 22.

The realization that Johnson had previously used phone number (202) 246-8634 led to the discovery, on October 22, 2022, that Johnson had, in fact, been intercepted in one wiretap call, TT5-59. Government counsel immediately notified defense counsel of its discovery that same day, and provided a transcript of the call. *See* Exhibit 6 (Email, Oct. 22, 2022). Ten days later, on November 1, 2022, Johnson filed the instant motion seeking to exclude wiretap call TT5-59.

The Court should reject Johnson's assertion that the government provided "late notice of [its] intention to introduce the call." ECF 519, at 1–2. Johnson has had the call—and all the tools he needed to ascertain its incriminating nature—for nearly two years, since the government produced the extraction report that linked Johnson to the (202) 246-8634 phone number. Indeed, Johnson was in the best position to appreciate the call's significance *because he is the one who made the call.*

The Court should also reject Johnson's argument that he was prejudiced because he "reasonably relied upon the representations made by the government that he was not a party to any

intercepted calls," and "[h]ad Mr. Johnson known he had been intercepted, he would have filed a motion to suppress the wiretap." ECF 524, at 2. Johnson has likely known about the intercepted call all along and chose not to say anything, hoping the government would not discover he was the user of the (202) 246-8634 phone number.[1] The legality of TT5 was heavily litigated by the other defendants, and Johnson *did* file a motion to adopt his co-defendants' motions. *See* ECF 210. Johnson has not suggested any new or different ground on which he would attempt to challenge the TT5 wiretap.

The government did not provide late notice of its intention to use TT5-59, and Johnson cannot show any prejudice. But even if it did and even if he could, it does not follow that the call should be excluded. The suppression of probative, admissible evidence is a drastic remedy that is highly disfavored. *See United States v. Sterling*, 724 F.3d 482, 512 (4th Cir. 2013) (recognizing that, if there is any sanction, "[a] continuance is the preferred sanction" for the untimely disclosure of evidence and "it would be a rare case where, absent bad faith, a district court should exclude evidence"); *United States v. Young*, 916 F.3d 368, 383 (4th Cir. 2019) (explaining that when discovery materials are allegedly produced untimely, "it is the rare case that would, absent bad faith, result in an exclusion of evidence") (*citing Sterling,* 724 F.3d at 512). There is no suggestion of bad faith here. To the contrary, government counsel have bent over backward to make early disclosures of our trial exhibits and even to accommodate defense counsel's request for early disclosure of cooperator Jencks material. To the extent there has been any discovery

---

[1] Tellingly, at the evidence review on October 14, 2022, Johnson's attorney, Joe Balter, pointedly asked undersigned counsel whether the government had identified Johnson in any wiretap calls. Undersigned counsel responded that the government had not, to date, identified Johnson in any wiretap calls, but that it could make no guarantees about what it might find as it continued to prepare for trial. The fact that Mr. Balter asked the question suggests that he was aware of the possibility that Johnson had, in fact, been intercepted.

violation—and we respectfully submit there has not—the preferred remedy would be to give Johnson an opportunity to move to suppress TT5, if he truly wishes to do so.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Johnson's motion to exclude wiretap call TT5-59.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____
Christina A. Hoffman
Joan C. Mathias
Adeyemi Adenrele
Assistant United States Attorneys

36 South Charles Street, Fourth Floor
Baltimore, MD 21201
Tel.: (410) 209-4800
Fax: (410) 962-3124
Christina.Hoffman@usdoj.gov
